**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:04cr318 |
| ) | |
| LUIS PADILLA ) | |

## ORDER

The matter is before the Court on petitioner's[1] *pro se* motion for a "writ of habeas corpus submitted as *audita querela*." In substance, petitioner requests that his sentence, as he puts it, be "trimmed" by ten percent because petitioner, a non-U.S. citizen, will be transferred to the custody of Immigration and Customs Enforcement ("ICE") following his incarceration to effectuate his removal from the United States. This transfer, petitioner contends, "will take several months and may expose [him] to additional punishment by way of additional imprisonment." Given that U.S. citizen prisoners have the opportunity to serve ten percent of their sentence in a halfway house, petitioner contends that he, a non-U.S. citizen is disadvantaged, and thus deserves a ten percent reduction in his sentence, that is, a downward departure. Distilled to its essence, petitioner contends that his counsel was ineffective in failing to seek a downward departure in his sentence because he is a removable alien who will be transferred to ICE custody following incarceration and who is ineligible to serve a portion of his sentence in a halfway house.

On September 17, 2004, petitioner pled guilty to conspiracy to import 900 grams or more

---

[1]Petitioner has signed his pleadings as Marco A.M. Villalba, which court records indicate is one of Luis Padilla's aliases.

of heroin, in violation of 21 U.S.C. § 846.  Thereafter, on December 9, 2004, judgment was entered against petitioner, sentencing him to fifty seven (57) months of incarceration, plus four years of supervised release.  Petitioner neither filed a direct appeal of this sentence,[2] nor a motion to vacate, set aside, or correct this sentence, under 28 U.S.C. § 2255.  Instead, on February 26, 2007, petitioner filed the instant petition for a writ of *audita querela*.  He explained he did so because following his sentencing he

> made several attempts to contact his trial attorney to file this claim eigther [*sic*] under direct appeal or 28 U.S.C. § 2255 but his attorney failed to do so.  The numerical limits on filing habeas petitions precluded your petitioner from raising this specific claim through a § 2255 petition.[3]

To begin with, petitioner's motion fails because "[a] writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition."[4] *Carrington v. United States*, 470 F.3d 920, 923 (9th Cir. 2006); *Sloan v. Untied States*, 2006 U.S. Dist. LEXIS 90006 at *2-3 (W.D. Va. Dec. 13, 2006).  In this case, petitioner's claim, namely that his counsel was ineffective by failing to seek a downward departure based on his

---

[2]Presumably such a direct appeal was not filed because, as part of petitioner's plea agreement, he "knowingly waive[d] the right appeal the conviction and any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in [18 U.S.C. § 3742] . . . or any ground whatsoever . . . ."

[3]Petitioner appears to be under the misapprehension that he is entitled to a court appointed attorney to represent him in a collateral attack on his sentence; such is not the law, instead, court appointed attorneys are typically not assigned to represent defendants bringing a claim under § 2255 because there is "no constitutional right to counsel in [] federal habeas proceedings." *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003) ((citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

[4]It is worth noting that "the ancient writ of *audita querela* . . . has no apparent relevance to criminal sentences." *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004).  This is so because it is generally defined as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly discovered legal defenses." *Id.*

alien status, could have been raised under § 2255, as he concedes.[5]  Therefore, as petitioner could have raised his claims under § 2255, he cannot pursue them by petitioning for a writ of *audita querela*. *Sloan*, 2006 U.S. Dist. LEXIS at *3. Importantly, this is true even where a "particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar." *Id.*

In these circumstances, it is appropriate to construe the petitioner's motion as a motion under § 2255.[6]  *Melton,* 359 F.3d at 857.[7]  So construed, petitioner's motion is untimely under § 2255, which requires that a motion under § 2255 be filed within one year of the date on which the judgment of conviction becomes final.[8]  Where, as here, the petition, construed as a motion

---

[5]Although it does not appear that petitioner is raising a claim for ineffective assistance of counsel based on his attorney's failure to file a direct appeal of his sentence, it is worth noting that this claim too could have been brought under § 2255.

[6]Notably, while *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), held that a district court must give a prisoner notice of its intent to construe a motion as one filed under § 2255, this holding does not apply where, as here, the petitioner's motion, construed as a § 2255, was untimely filed. *United States v. Moore*, 38 Fed. Appx. 185, 185-86 (4th Cir. 2002) (stating that if petitioner's motion was untimely "a remand requiring the district court to give [petitioner] *Emmanuel* notice would be an exercise in futility. As we noted in *Emmanuel*, in cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization").

[7]As explained by the Seventh Circuit, this is a logical result because

[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill or review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton,* 359 F.3d at 857.

[8]This limitation period runs from the latest of four possible dates. The only relevant date here is the date on which the judgment of conviction became final, December 9, 2004.

under § 2255, does not comply with the dictates of § 2255, the petitioner must be provided an opportunity to establish that the statute of limitations does not apply or should otherwise be tolled "unless it is undisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [the applicable statute]." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). In this case, it does not appear that petitioner is entitled to equitable tolling of this time limit. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). While petitioner asserts that his attorney failed to file a direct appeal or a § 2255 motion, this alone does not "demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition." *Hill v. United States*, 2006 U.S. Dist. LEXIS 27808 at *7-8 (W.D. Va. 2006) (finding no equitable tolling of petitioner's § 2255 based on petitioner's claim that he was misled into believing counsel had timely filed a petition for certiorari because "a diligent litigant would have taken [the] effort to ensure that he did not lose his right to file a timely petition"). Nevertheless, petitioner will be given an opportunity to file affidavits or other material contesting the application of the statute limitations pursuant to 28 U.S.C. § 2255.

Yet, even assuming petitioner's untimely § 2255 motion could be rescued by equitable tolling, it is worth noting that his claim would fail on the merits because he cannot show that he was prejudiced by his counsel's failure to move for a downward departure based either on his deportation or his inability to serve ten percent of his sentence in a halfway house. It is well-

established that claims of ineffective assistance of counsel are measured under the two part analysis outlined in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). First, *Strickland* requires that a petitioner show that his counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness. Importantly, in assessing the objective reasonableness of counsel's conduct, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 689. Second, *Strickland* requires that the petitioner be prejudiced by counsel's performance. This means, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. And, if a petitioner shows no prejudice from the alleged ineffectiveness of counsel, a court need not address counsel's performance. *Fields v. Att'y Gen. of Maryland,* 956 F.2d 1290, 1297 (4th Cir. 1992).

In this case, petitioner's claim, distilled to its essence, is that his counsel was ineffective in failing to move for a downward departure based on his deportation or his inability to serve ten percent of his sentence in a halfway house. The United States Sentencing Guidelines provide that the sentencing court may depart from the applicable guideline range where appropriate, that is, when an atypical situation takes the case out of the heartland of cases considered by the Sentencing Commission. *See* U.S.S.G. § 5K2.0, comment; *United States v. DeBeir*, 186 F.3d 361 (4th Cir. 1999). Such departures outside the guidelines rest in the discretion of the trial judge and are to be infrequent. U.S.S.G., Ch. 1 Pt. A, § 4(b). As such, courts have repeatedly emphasized that a defendant is not entitled, as a matter of right, to a downward departure based

on his alien status or deportability.[9] And indeed, cases that have granted departures based on a defendant's deportability have done so in very limited circumstances "when alienage greatly increased the severity of the punishment." *Villegas v. United States*, 2006 U.S. Dist. LEXIS 34730, at *9-10 (W.D. Va. 2006). Thus, it is pellucidly clear that, even assuming petitioner's counsel had moved for a downward departure on the basis of petitioner's deportation or inability to serve a portion of his sentence in a halfway house, no such departure was required. Where, as here, petitioner cannot establish that he was entitled to a downward departure he also cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and accordingly, petitioner's claim does not satisfy the prejudice prong of *Strickland*. *Strickland*, 466 U.S. at 694.[10] Thus, petitioner's §

---

[9]*See United States v. Gregory*, 1998 U.S. App. LEXIS 13364 at *14-15 (4th Cir. 1998) (stating that there is no support for the proposition that "as a matter of right" an illegal alien is entitled to a downward departure as he is subjected to more severe penalties than a similarly situated citizen defendant because he will be incarcerated at a maximum detention facility until the end of his sentence, will not be permitted to serve the last ten percent of his sentence in community confinement, and will be deported); *United States v. Veloza*, 83 F.3d 380 (11th Cir. 1996) (affirming refusal to grant downward departure based on defendant's claim that he is a deportable alien and he will be ineligible to serve a portion of his sentence in a halfway house); *United States v. Restreppo*, 999 F.2d 640 (2d Cir. 1993) (holding that "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of the sentence, and (3) the effect of deportation as banishment from the United States and separation from family" do not warrant a downward departure).

[10] *See e.g. Villegas*, 2006 U.S. Dist. LEXIS 34730, at *9-10 (dismissing § 2255 motion based on ineffective assistance of counsel because petitioner "cannot show prejudice from counsel's failure to make this motion for departure [based on deportability]. Departures outside the guidelines rest in the discretion of the trial judge and are to be infrequent."); *Hall v. United States*, 30 F. Supp. 2d 883, 894 (E.D. Va. 1998) (dismissing § 2255 motion where petitioner claimed "his attorneys should have sought a downward departure because, as an illegal alien, he is subject to more severe penalties than a similarly situated citizen defendant" because "[h]e cites no authority in support of the proposition that, as a matter of right, he is entitled to a downward departure on this basis"); *United States v. Astacio*, 14 F. Supp. 2d 816, 820 (E.D. Va. 1998)

2255 claim fails on the merits.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that petitioner's motion for a "writ of habeas corpus submitted as *audita querela*" is **DENIED**.

It is further **ORDERED** that petitioner's motion for a "writ of habeas corpus submitted as *audita querela*" is construed as a motion to vacate, set aside or correct sentence pursuant to § 2255, and because such motion is untimely, this petition will be dismissed as barred by the statute of limitations unless, on or before 5:00 p.m., Friday, April 20, 2007, petitioner contests the application of the one-year statute of limitations or establishes that he is entitled to equitable tolling. To establish this entitlement petitioner must present affidavits (sworn statements subject to the penalty of perjury) or other material contesting the application of the statute limitations pursuant to 28 U.S.C. § 2255.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.


_____/s/_____
Alexandria, Virginia                                           T. S. Ellis, III
March 19, 2007                                                 United States District Judge

---

("The failure to raise deportation as a basis for downward departure does not constitute ineffective assistance of counsel.").

7